-Plaintiffs are the holders of a 15-year, renewable term lease of water bottoms granted them by the Wild Life and Fisheries Commission of Louisiana, for the conduct of a commercial oystering operating in Lake Borgne. As a result of channel dredging operations undertaken by the Corps of Engineers beginning in September 1971, 125 acres of plaintiffs’ oyster lease were subjected to a build-up of mud and grass which, in turn, destroyed the existing oyster crop. Plaintiffs seek damages under 28 U.S.C. § 1497; liability has been admitted by the United States. In a recommended decision filed May 23, 1977, Trial Judge John P. Wiese found that as a result of the channel dredging operations the existing oyster crop was destroyed; however, this damage was not permanent in nature. Through the influence of natural forces, the firm bottom necessary for the resumption of oyster growth would have been restored within a period of approximately 30 months, that is, by the end of March 1974. Thus, absent other considerations, the United States would be required to respond in damages for this full 30-month period plus such additional time as might then remain necessary to *989 allow for completion of crop maturation. However, in this case, a superceding event, namely the opening of the Bonnet Carre Spillway in April 1973 extinguishes the Government’s liability for any damages thereafter occurring. The injurious effects of the Spillway opening upon plaintiffs’ oyster lease are not factually connected with the damage caused by the dredging operation, are, in and of themselves, not compensable by statute, and continued to adversely influence growing conditions on plaintiffs’ lease well past the time that full recovery from the dredging operations could have been expected. Accordingly, plaintiffs are entitled to damages for loss of oyster crops from the time damage first manifested itself, October 1971, until the time of the Spillway opening, April 1973. For this 18-month period plaintiffs are due $16,021.13. This case came before the court on plaintiffs’ exceptions to the said recommended decision. Upon consideration thereof, the court, by order entered December 9, 1977, affirmed and adopted the said decision as the basis for its judgment in this case, concluded that plaintiffs are entitled to recover, and entered judgment for plaintiffs against defendant for $16,021.13.